**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **INTERNOSIS, INC.,**       ) | |
|     Plaintiff,                       ) | |
|                                            ) | |
|     v.                                    ) | Civil Action No. 1:04cv792 |
|                                            ) | |
| **CLARENCE E. PETTIS,**      ) | |
|     Defendant.                     ) | |

**ORDER**

The matter is before the Court on defendant's (i) motion to dismiss for lack of subject matter jurisdiction, (ii) motion to set aside default judgment, and (iii) objections to the Magistrate Judge's Report and Recommendation recommending the entry of default judgment against defendant. The parties have fully briefed and argued the issues raised in defendant's motions and the matter is now ripe for disposition.

On July 9, 2004, plaintiff, Internosis, Inc., filed the instant complaint for damages and injunctive relief against its former employee, defendant Clarence E. Pettis, for breach of an alleged non-competition agreement. Shortly thereafter, on July 13, 2004, plaintiff filed an emergency motion for a temporary restraining order, specifically requesting an order prohibiting defendant from any ongoing violations of the alleged non-competition agreement. Plaintiff's emergency motion and related papers, including a notice and re-notice of the hearing pertaining to the motion, were served on defendant via Federal Express at his residence in Rosedale, New York. Defendant was also properly served with a copy of the summons and complaint on July 15, 2004, as reflected in an affidavit of service submitted by the process server.

The hearing on plaintiff's emergency motion for a temporary restraining order took place on July 16, 2004, as scheduled. Defendant, however, did not appear at the July 16 hearing, either *pro se* or by counsel, despite proper notice of the scheduled hearing time. A temporary restraining order subsequently issued on July 19, 2004, prohibiting defendant from any further violations of the subject non-competition agreement, a copy of which was served on defendant by private process server on July 20, 2004. *See Internosis, Inc. v. Clarence E. Pettis*, Civil Action No. 1:04cv792 (E.D. Va. July 19, 2004) (Order).

The July 19, 2004 Order also set a hearing on plaintiff's motion for a preliminary injunction for July 27, 2004. *See id.* Yet, defendant again failed to appear at the scheduled hearing. It also appeared from the then-existing record that defendant was continuing to engage in violations of his non-competition agreement despite entry of the July 19 temporary restraining order. Thus, by Order dated July 27, 2004, defendant was directed to appear at a hearing scheduled for 10:00 a.m., Friday, August 6, 2004, to show cause why he should not be held in contempt of court for violating the terms of the July 19 temporary restraining order. *See Internosis, Inc. v. Clarence E. Pettis*, Civil Action No. 1:04cv792 (E.D. Va. July 27, 2004) (Order). Defendant was further advised that his failure to appear at the August 6 hearing could result in a finding of contempt and the imposition of sanctions including, *inter alia*, a punitive fine and a term of imprisonment. *See id.*

Faced with the threat of sanctions, defendant finally made an appearance at the August 6, 2004 show cause hearing, representing himself *pro se*. At the conclusion of the hearing, and by Order dated August 6, 2004, plaintiff's motion for a preliminary injunction was granted and defendant was thereby enjoined from violating the non-competition agreement in several specified respects. *See Internosis, Inc. v. Clarence E. Pettis*, Civil Action No. 1:04cv792 (E.D. Va. Aug. 6,

2004) (Order). Defendant was further directed in the course of the hearing, and in the August 6 Order issued at the conclusion of the hearing, to file an answer to the complaint pursuant to Rule 12, Fed. R. Civ. P., within 20 days from the date of the preliminary injunction. *See id.*

Defendant failed to file an answer or otherwise respond to the complaint in accordance with the August 6, 2004 Order. Thus, on September 20, 2004, plaintiff filed a request for the entry of default against defendant, which the record reflects was served on defendant by first-class mail. Two days later, on September 22, 2004, plaintiff filed the declaration of Scott Ward, Esquire, in support of its request for the entry of default; this declaration was likewise served on defendant by first-class mail. In the circumstances, the requested default was promptly entered by the Clerk's Office on September 22, 2004, pursuant to Rule 55(a), Fed. R. Civ. P.[1]

Given the Clerk's entry of default under Rule 55(a), the Court, by Order dated October 4, 2004, *sua sponte* scheduled an *ex parte* damages hearing before a magistrate judge for November 5, 2004. *See Internosis, Inc. v. Clarence E. Pettis*, Civil Action No. 1:04cv792 (E.D. Va. Oct. 4, 2004) (Order). Significantly, no application or motion for the entry of default judgment was ever filed or requested by plaintiff in this instance. Instead, following the issuance of the October 4, 2004 Order, but prior to the scheduled *ex parte* damages hearing, plaintiff, by counsel, submitted appropriate declaration and exhibits supporting the imposition of an award of default damages and attorney's fees against defendant in this case.

The *ex parte* damages hearing thereafter took place before the designated magistrate judge,

---

[1] Rule 55, Fed. R. Civ. P. provides, in part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk *shall* enter the party's default." Rule 55(a), Fed. R. Civ. P. (emphasis added). Thus, notice to the defaulting party is not required prior to the Clerk's entry of default under Rule 55(a), Fed. R. Civ. P.

as scheduled, on November 5, 2004. Defendant did not appear at this hearing and the matter was taken under advisement at the conclusion of the hearing on the basis of plaintiff's submissions.

The magistrate judge ultimately issued a report and recommendation on April 29, 2005, recommending the entry of default judgment against defendant in the amount of $17,700 in compensatory damages, $10,000 in punitive damages and $49,137.50 in attorneys' fees. On May 9, 2005, defendant, still proceeding *pro se*, filed timely objections to the report and recommendation arguing essentially that the entry of default against him was improper because he had filed an answer to the complaint. He further claimed that he had not received notice of several hearings in this matter, including the November 5, 2004 *ex parte* damages hearing. Attached to defendant's objections in this regard was an unsigned and undated copy of his purported answer which he claimed had been filed with the Clerk's Office in this case. No such pleading was received or docketed by the Clerk's Office.

By Order dated May 19, 2005, a hearing on defendant's objections to the magistrate judge's report and recommendation was scheduled for June 3, 2005. *See Internosis, Inc. v. Clarence E. Pettis*, Civil Action No. 1:04cv792 (E.D. Va. May 19, 2005) (Order). Then, on the morning of the scheduled June 3 hearing, defendant, by newly retained counsel, filed a motion to dismiss the matter for lack of subject matter jurisdiction and a motion to set aside default judgment. In these additional pleadings, defendant, by counsel, admitted that he had never, in fact, filed an answer to plaintiff's complaint, as previously represented in defendant's *pro se* objections to the report and recommendation. In the course of the June 3 hearing, the parties were directed to submit supplemental briefs on defendant's newly-filed motions and the matter was continued to June 17, 2005. *See Internosis, Inc. v. Clarence E. Pettis*, Civil Action No. 1:04cv792 (E.D. Va. June 3, 2005)

4

(Order). At the June 17 hearing, the parties appeared by counsel and argued the matter orally. At the conclusion of the hearing, the matter was taken under advisement and thus is now ripe for resolution.

In his threshold motion to dismiss, defendant, by counsel, essentially argues that subject matter is lacking in this instance because the amount in controversy does not exceed $75,000, as required under the federal diversity statute. *See* 28 U.S.C. § 1332 (providing that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between...citizens of different States"). As a general rule, the jurisdictional amount in controversy is determined by the amount of the plaintiff's original claim, provided such claim is made in good faith. *See Wiggins v. North American Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981) (citation omitted). An exception to this general rule occurs where "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Id.* at 1017 (citation omitted); *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938) ("if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed"). Yet, to warrant dismissal on this ground, the legal impossibility of recovery of an amount in excess of $75,000 "must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *St. Paul*, 303 U.S. at 288-89; *see also Friedman's Inc. v. Dunlap*, 290 F.3d 191, 198 (4th Cir. 2002).

A review of the record makes clear that this is not the case here. To the contrary, the instant

5

complaint alleges claims for (i) breach of contract, (ii) breach of the duty of loyalty, and (iii) tortious interference with contractual relations and business expectancy and requests damages in the amount of $150,000. Given the specific allegations underlying defendant's alleged breach of his non-competition agreement, it cannot be said that plaintiff's damages demand in this instance was made in bad faith in an effort to manufacture and confer federal diversity jurisdiction. Moreover, contrary to defendant's assertions, this result is not altered by the fact that the magistrate judge recommended an award of compensatory and punitive damages well below the threshold jurisdictional amount in this instance. *See Parker v. Moitzfield*, 733 F. Supp. 1023, 1026 (E.D. Va. 1990) ("amounts in controversy are to be determined as of the time an action is commenced and cannot be destroyed by subsequent events").

With the jurisdictional hurdle removed, it is now necessary to address defendant's motion to set aside the entry of default judgment. In this motion, defendant essentially argues that he did not receive the required notice under Rule 55(b), Fed. R. Civ. P. prior to the entry of default judgment against him. Defendant's argument in this regard fails for several reasons. As an initial matter, it must be noted that default judgment has not yet been entered against defendant, as he contends. Rather, the magistrate judge merely <u>recommended</u> the entry of default judgment against defendant, following the Clerk's entry of default under Rule 55(a), Fed. R. Civ. P. (providing that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk *shall* enter the party's default").

Putting aside this critical distinction between the entry of default and the entry of default judgment, defendant is simply mistaken in his application of the Rule 55(b) notice requirements to

this case. Rule 55(b) provides, in pertinent part, that "[i]f the party against whom judgment by default is sought has appeared in the action...the party shall be served with written notice of the *application for judgment* at least 3 days prior to the hearing on such *application*." Rule 55(b)(2), Fed. R. Civ. P. (emphasis added). Significantly, plaintiff did not submit a motion or application for the entry of default judgment against defendant in this instance, as contemplated by the statute. Rather, the Court *sua sponte* initiated the default judgment proceedings by issuing an order scheduling an *ex parte* damages hearing before a magistrate judge. Plaintiff, by counsel, thereafter submitted appropriate affidavits supporting an award of damages in response to the Court's *sua sponte* Order in this regard.

Although the Fourth Circuit has not squarely addressed the issue, other circuits have recognized that the three-day notice requirement set forth in Rule 55(b)(2) does not apply where the court seeks to enter default judgment on its own motion absent an application of a non-defaulting party, as occurred here. *See, e.g., Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 692-93 (1st Cir. 1993) (recognizing that a district court is not required to provide notice to a defendant under Rule 55(b)(2) where there is no motion for default judgment pending and where the court has, on its own motion, found a party to be in default for failure to appear) (citations omitted); *Anilina Fabrique de Colorants v. Aakash Chems.*, 856 F.2d 873, 877 (7th Cir. 1988) (recognizing that notice to a defendant under Rule 55(b)(2), Fed. R. Civ. P. is not required where the court enters default judgment on its own motion, rather than in response to an application filed by the plaintiff).[2]

---

[2] Although not necessarily dispositive given that default judgment has not yet been entered against defendant in this case, it should also be noted that the Fourth Circuit has recognized that a failure to provide notice under Rule 55(b)(2), though a "serious procedural irregularity," merely

7

The entry of default judgment may also appropriately be classified as a sanction in this case, namely for defendant's failure to comply with the August 6, 2004 Order directing him to file an answer to plaintiff's complaint within 20 days, as well as for the apparent false representation contained in his *pro se* objections to the magistrate judge's report and recommendation that he filed such an answer in this case. As with *sua sponte* orders issued by the Court in the absence of a plaintiff's application for the entry of default judgment, it has likewise been recognized that notice to a defaulting party is not required under Rule 55(b)(2) when default judgment is entered as a sanction, as here. *See, e.g., Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141-42 (9th Cir. 1989) (recognizing that a reversal of default judgment is not required despite a prior appearance by the defaulting party and lack of notice under Rule 55(b)(2) where default was entered as a sanction); *Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 64 (2d Cir. 1986) (recognizing that the trial judge "must have broad latitude to impose the sanction of default for non-attendance"). Thus, in the circumstances, defendant's motion to set aside the entry of default judgment on Rule 55(b) grounds is appropriately denied.

Accordingly, for the foregoing reasons,

It is hereby **ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

It is further **ORDERED** that defendant's motion to set aside default judgment is **DENIED**.

It is further **ORDERED** that defendant's objections to the April 29, 2005 report and

---

renders a judgment irregular and voidable, but not void. *See Yale v. National Indemnity Co.*, 602 F.2d 642, 650 n. 17 (4th Cir. 1979) (citations omitted).

recommendation are **OVERRULED**.[3]

It is further **ORDERED** that upon an independent *de novo* review of the record, the Court hereby **ADOPTS** as its own the findings of fact and recommendation of the magistrate judge, as set forth in the April 29, 2005 report and recommendation.

Accordingly, it is further **ORDERED** that judgment is **ENTERED** by default in favor of plaintiff and against defendant in the total amount of $76,837.50, consisting of $17,700 in compensatory damages, $10,000 in punitive damages and $49,137.50 in attorneys' fees.

The Clerk is **DIRECTED** to enter judgment pursuant to Rule 58, Fed. R. Civ. P. and to place this matter among the ended causes.

The Clerk is further **DIRECTED** to send a certified copy of this Order to defendant and all counsel of record.

/s/
_____
T. S. Ellis, III
United States District Judge

Alexandria, VA
July 20, 2005

---

[3] Under Rule 72(b), Fed. R. Civ. P., objections to a magistrate judge's report and recommendation must be filed within ten days of service of the report and recommendation. Given this, defendant's *pro se* objections filed on May 9, 2005 were indeed timely filed, but any additional objections raised by his newly retained counsel in June 2005 were clearly outside this ten-day filing period and are thus appropriately stricken. *See, e.g., Thompson v. Town of Front Royal*, 117 F. Supp. 2d 522, 533 (W.D. Va. 2000) (striking objections filed six days beyond the period set forth in Rule 72(b), Fed. R. Civ. P.). Even so, the additional untimely objections asserted by defendant's counsel, specifically those relating to the magistrate judge's assessment of plaintiff's attorney's fees, are unpersuasive on the merits, as well. Rather, the recommended award of attorney's fees is entirely appropriate in this instance given the extensive procedural history of the case.